Thank you, Your Honor, and may it please the Court. The appellant Randy Boswell was convicted by a jury of bankruptcy fraud and tax evasion. But those convictions cannot stand, because the bankruptcy fraud count was brought in violation of the statute of limitations, because the texts of both counts were impermissibly vague and the district court erred in failing to grant a bill of particulars as to each count, and because the evidence at trial was insufficient to sustain the verdicts. I'll start with the statute of limitations. This case presents a unique situation, where in a bankruptcy fraud prosecution the government obtained a sealed indictment prior to the statute of limitations expiring, but then strategically delayed unsealing that indictment for over six months until after the limitation period had run. The government claimed that it needed to seal the indictment to avoid compromising an ongoing investigation of alleged co-conspirators of Mr. Boswell, but the record shows those individuals had already testified before the grand jury, had already turned over extensive documents and evidence to the government, so they were well aware of the investigation, and they were never charged, fatally undermining any claim for secrecy. But most troubling, the government's delay in unsealing the indictment prejudiced Mr. Boswell to the destruction of his former bankruptcy attorney's client file, which contains specific, unique, exculpatory evidence that Mr. Boswell made full disclosures to his bankruptcy attorney regarding his assets. The district court— So you're arguing that that is the substantial and actual prejudice as a result of the government's delay? Is that correct? That's correct, the destruction of the file. Do you have to, if the government fails to provide a legitimate prosecutorial purpose, do you have to show prejudice, or is your initial argument that the government hasn't met its burden, so you don't need to show any actual prejudice? I think Sharpe provides that those are alternative bases for relief, that under this Court's decision in Sharpe, if the defendant can show the substantial actual prejudice, that alone makes the conviction time barred, the statute time barred. Alternatively, the defendant could show that the government lacked a legitimate purpose for sealing, and that would be an alternative basis. And Mr. Boswell alleges both of those bases, but I think this Court could find either or and determine that the sealed indictment, the unsealed indictment, does not relate back to the sealed indictment. But the initial burden is on the government, is that correct, as I understand your brief? I think the burden is on the government to prove the legitimate purpose, but I don't know that there's a case that talks about the burden for the substantial actual prejudice, but Mr. Boswell, I think, met that burden. I think he affirmatively alleged below, repeatedly, that his attorney destroyed his client file. And so I think on either basis, the record supports reversal of count one. Are you seeking reversal, or are you also seeking remand to at least have a hearing on these issues? I think the record— You never had a hearing, right? That's correct. There was never a hearing, despite it being requested, but I think the record supports reversal by this Court, because the record supports that the attorney client file— So you're not interested in a remand as an alternative? I understand you prefer just a straight-out reversal and render on the count one at least, but do you also alternatively seek a remand for at least a hearing? Yes, yes. If the Court believes the record's not sufficiently developed, we absolutely would rather have a hearing, as we requested in the District Court. So I take it your point is that the government has justified the sealing, but they might very well be able to bolster that at a hearing, just as you all would have a chance to counter their theory. That's correct, Your Honor. Both sides would benefit from a hearing, in a sense. I believe that's correct. And, of course, in the Sharpe case, there was a hearing in that case where both sides were able to present evidence, and many of the other appellate decisions that we talk about in the briefs all involved hearings in the District Court where both of those burdens were allowed to be met, either the government proving a legitimate purpose or the defendant proving that there was actual substantial prejudice. You requested a hearing in this case? That's correct, Your Honor. In the request for the dismissal, Mr. Boswell specifically cited to Sharpe's hearing requirement and specifically alleged the facts that it would prove at the hearing, which would be that the client file was destroyed and that there was evidence in that file that would support an affirmative defense of good-faith reliance on advice of counsel. Just to be clear, when you say you asked for a hearing, I certainly see the full quotation of Sharpe, I guess it's on page 6 of your memorandum in support of the motion to dismiss. Is that what you're referring to, or did you ask for a hearing elsewhere in that document or elsewhere in the record? I'm referring to what Your Honor's looking at, which is the quotation of Sharpe, but also the facts that are presented later on in that memorandum, facts that could only be proven at a hearing, right? Facts about what happened with the attorney-client file. Can you point to me specifically what you're alluding to? I believe that that is on record page 94 and 95, which is where, you know, the representation is made to the court that undersigned, contacted the attorney's office, and was informed that the attorney's office only kept the file for five years, and that at the conclusion of five years, the attorney, Christian Chesson, had destroyed the file, and that means that the file was destroyed during the sealing delay. And so that ... This is an issue of prejudice. That's correct, Your Honor. And so you're saying the hearing would have been important not just to debate the government's claim of justification for sealing, but also to have a hearing on the defendant's arguments about prejudice? Hearing about both? I think that's fair. I think that's fair, Your Honor. Is that what Sharpe says, though, or is Sharpe ... I thought Sharpe was talking about a hearing just for the government legitimacy point, or maybe I'm wrong about that. I think Sharpe is talking about a hearing for either option, right? Because Sharpe specifically says that a sealed indictment will not relate back to the time of its filing for limitation purposes if the defendant can demonstrate that substantial actual prejudice occurred between the sealing and unsealing. So when Sharpe's talking about the hearing, I think it's necessarily talking about that burden as well. Pardon me. Where are you looking in, Sharpe? I'm looking at ... Make sure I'm on the same page as you. I think it's 51 would be the pinpoint site, which is ... It's the end of the second paragraph under discussion. Not relate back if ... I see. And so ... And that kind of goes back to my point where I think Sharpe is providing alternative avenues of relief because Sharpe is saying if you can prove substantial actual prejudice, you get relief. And then Sharpe goes on to say that the defendant in Sharpe never even alleged that, never even claims that the five-day delay in Sharpe caused any prejudice. The defendant in Sharpe only alleged that there was an improper purpose. So then Sharpe goes on to discuss that alternative avenue of relief. And so when the different appellate courts in this court in Sharpe have addressed the relief under a time-barred count, it rarely talks about substantial actual prejudice because that is rarely alleged by defendants. Defendants rarely can show that something happened during the sealing delay. And in my review, the case I found that we talk about in the brief is United States versus Thompson from the Tenth Circuit. And in that case, there was a substantial actual prejudice found. In that case, the defendants were business owners who were alleged to have committed a fraud in achieving an SBA loan. And in the period of delay of the indictment being unsealed, the business owners moved their corporate headquarters. And when they moved the headquarters, they told the document company, destroy anything older than five years. Very similar to what happened in this case. And so then when their indictment was unsealed, they alleged, hey, we destroyed all of our contemporaneous notes about this SBA loan. We can't defend ourselves. And the district court said that's substantial actual prejudice and the Tenth Circuit affirmed and said that's the type of thing that would be substantial actual prejudice. And so I think that this court could look to that Tenth Circuit decision to say that this is the type of evidence that meets that difficult evidentiary burden for the defendant. The government's alternative basis for relief is the improper purpose of the government. So when given a chance, the government below provide a singular reason for sealing the indictment and that was that it didn't want to alert potential co-conspirators about the investigation. But the record shows that those potential co-conspirators had already, each of them, this will be Brenda Murphy, Tracy Boswell, and Joey Boswell, had already testified before the grand jury before the first indictment was brought. They responded to subpoenas and provided documents to the grand jury and to the prosecutors. And so they were well aware of the investigation. The first indictment that is brought, the one that is sealed, right, doesn't, is a single count of bankruptcy fraud against Mr. Boswell. It's not a conspiracy charge. It's not aiding and abetting. There's nothing about that indictment that would tip off anyone else that they're under investigation. So that's the indictment that the government's claiming it needed to hide in order to not tip off co-conspirators. And then, of course, the co-conspirators are never charged, right? And so all of those things support that that's not a legitimate purpose in this specific case. And the government never provides any detail in any of its filings about what happened between August of 2018 when the first indictment is sealed and March of 2019 when it's unsealed, whether there was any investigation that occurred in that time period, whether anything happened with regard to investigating co-conspirators or anything like that. So the record as it exists today shows that that's not a legitimate prosecutorial purpose. So that's an alternative basis for count one to be reversed by this court. So if the court reverses count one, as I think it should, count two necessarily falls as well, and a new trial should be granted as to count two. So count two is the tax evasion count. And as this court explained in the Edwin Edwards decision, the determination of whether if one count falls, the other count at trial should fall really depends on whether there was evidence introduced on the legally insufficient count. Hypothetically, if we were to send back for a hearing as opposed to reverse, as I know you prefer the reversal, but if we were to send back for a hearing only, would we reach this second count issue? I assume we wouldn't, right? We would just let the district court figure out whether count one is valid, and then they could decide count two at that point. I think you're correct, Judge Ho. I mean, I think it would necessarily depend on what happens at the hearing whether you would need to talk about count two. And so, but in this case, if the court were to reach that, there is specific evidence that was introduced at trial that is unique to the bankruptcy fraud that has nothing to do with tax evasion. Twelve of the fifteen witnesses were bankruptcy fraud witnesses. And specifically, Marsha Luxenberg and Howard Wells were two witnesses who testified about things that occurred before 2009, so years before the tax evasion charges, that were very inflammatory and personal because they involved an affair. This was Mr. Boswell's ex-wife, and it was relevant to bankruptcy because they were creditors in the bankruptcy petition. So their testimony was relevant to why Mr. Boswell would want to discharge their debts, but it would be totally irrelevant to the tax evasion. It was extremely prejudicial. And so, because of that, Mr. Boswell should be entitled to a new trial on count two if the court finds count one to be time barred. This court remanded not on count one for the time barred nature. Of course, there's other issues that are attacking the sufficiency of the conviction. And the main one before the court is that, you know, the evidence at trial was insufficient to sustain the verdict. And that's a difficult burden for Mr. Boswell, right? He has to prove that there's no rational trial fact that could have found the evidence in favor of the government. But this is a pretty unique case. The government alleged in the indictment that Mr. Boswell concealed monies earned from service contracts and nominee businesses. But at trial, the government failed to introduce any evidence that there were service contracts or that there were nominee businesses. And this was the whole thrust of the trial below. And so, the government called as their own witnesses the supposed nominee business owners. And each of them claimed that they owned the business and handled all the financial records for the business, the oversight, they kept the profits. And the government argues on appeal where the jury could have disbelieved our own witnesses that they owned the businesses. But what the government fails to point out is they didn't contradict that evidence at all. Like, there's no piece of evidence to point to in the record that shows that Mr. Boswell controlled the finances of these companies or that there were ever a service contract, there were none, or that there were nominee businesses. And so, the brief points out this jury note, right, which is not dispositive in and of itself. But there's a jury note where the jury says, if we find that there are not nominee businesses and the juror foreman wrote not in capital letters and underlined to point out that, like, it seems like the jury didn't believe the nominee business theory by the government, right? And that's because there was no evidence of nominee businesses. What's your best case that allows us to read the tea leaves of a jury note? We don't know whether they discarded it or whether someone just asked the question. We don't know what, because we don't know what happened in the jury room. We don't know the significance of the question. All we know is that it was asked for whatever purpose based upon a conversation in the jury room. What authority do we have to read or to raise implications as a result? Well, Your Honor, there's not an authority that says that that note is dispositive. The reason why we point out the note is that it highlights for the court, when looking at the sufficiency of the evidence, to go back and look at whether there was any evidence that a rational trier fact could have found that there was a nominee business. And there is none in the record. All of the government's own evidence supports that there was not a nominee business, right? And this really goes back to the second issue that Mr. Boswell has raised, which is the bill of particulars problem here, which is that Mr. Boswell specifically asked at the beginning of this case, what are the nominee business you're claiming I owned? What's the service contract you're claiming that I didn't list in this bankruptcy proceeding? And the government wasn't required to answer that. And that kind of fueled the problem that we're talking about here. We get to trial, and no one knows what the nominee businesses are, and the evidence doesn't come to fruition for the government to prove the nominee business or service contract. That was not fine-tuned as a result of discovery. I understand the district court denied the motion for the bill of particulars, but, and I think it relegated it to a discovery matter. There was nothing further informal or informal discovery that disclosed the evidence to come? No, Your Honor, and I have a couple of responses to that. I mean, first, discovery is not the correct mechanism to answer a bill of particulars. The purpose of the bill of particulars is to make a record of what the specific allegation is so that the defendant is protected for double jeopardy purposes and can prepare his defense. So not forcing the government to answer this, the discovery in this case, as set forth in some of the motions, contained tens of thousands of pages of bank records of dozens of companies and different individuals, and there's nothing in there that points the defendant like, we're saying you should have listed stock in Patriot Green Technologies, or should have listed a Green Dot account, or should have listed, you know, there's endless possibilities of what should have been listed because the word monies in the indictment is so vague. And so that's one of the reasons why I filed the bill of particulars. You know, Mr. Boswell has a constitutional right to know what he was supposed to list on the bankruptcy and where he was supposed to list it because that's a complex legal question of whether it even needed to be listed that would require me to hire experts to tell me the bankruptcy law behind that. And so instead, he goes to trial still not knowing what the nominee businesses were, what the service contracts were, or what he was supposed to list, and then when it became clear at trial that there were no nominee businesses or service contracts, the government 50 pages of discovery of tens of thousands of pages, right? There was no way for Mr. Boswell to know that's the thing he was supposed to list or prepare a defense before trial about why it didn't need to be listed, right? And so again, those are all parts of the error of the bill of particulars and also the sufficiency of the evidence. Thank you. You've saved time for rebuttal. Mr. Knapp. Good morning. May it please the Court. Greg Knapp for the government. The defendant did not request a hearing on the limitations question. As has already been discussed, the only mention of Sharp in the filings below was on that reference in the memorandum where the defendant does cite Sharp and the relevant parathetical language, but he does so in the context of saying that when a defendant challenges the ceiling of indictment, the burden is on the government to establish a legitimate reason, citing Sharp. At a hearing. And only at a hearing. For the ceiling. Well, not — I'm not just going to the language you're talking about. Exactly. The government — I'm just reading from the defense's brief. The government must explain and support the legitimacy of its reasons for sealing the indictment. The government only does so, however, at a hearing. And that is the language from Sharp. All right. What we are saying is that for preservation purposes, the defendant did not highlight that request in the district court. And so our position is that whether or not a hearing should have been held is reviewable only for plain error. So what is your best case for the proposition that quoting the language that admittedly is directly on point, but merely quoting it in a case parenthetical as opposed to putting it in some other part of the brief? The — What's the best case that that is enough to constitute forfeiture rather than preservation? The principle — I'll have to check my brief — the principle is that a party must apprise specifically of the argument that they are making to the district court. No, I understand the principle. That's — you're basically — that's preservation. Right. The question is whether preservation was, in fact, done here. Right. And so my question, again, is what's your best case? Because you may or may not be right about this.  Right? And so what I'm wondering is, is this a question for the district court? Is this a question of first impression for us? Or have we previously decided that it is not enough to preserve when all — when what you've done is cited language that appears to be perfect and on point, but it's language merely within a case parenthetical quote? I don't have a case for parenthetical citation versus — You're asking us to — to sort of — I mean, both sides, essentially, are asking for us to address a potentially new issue, which is, is it enough to preserve when you've got great language, but merely in a quote — in a parenthetical? I think that's right. But we would also disagree — Why shouldn't that be enough? Well, first, because even if it is enough, we don't think the language — You presume the judges read briefs? We — yes. But we don't think the language makes that clear, because the defendant on appeal has changed the emphasis of SHARP. SHARP emphasizes the temporal ordering. Right? And the author of SHARP says the government only done so as a hearing after the indictment is unsealed. The whole point of this brief, the whole point of the motion, is the sealing was profoundly improper. It was only done to cheat the defendant out of their lawful protections under the statute of limitations. The government doesn't have a justification for doing this. And to do so, you have to not only explain and support, you also have to do it at a hearing. Why is that not ample? Because the hearing language in SHARP was quoting from a prior case in which there was a hearing, and the issue simply wasn't debated whether a hearing was necessary in SHARP. The issue was — But if you say, I agree with your description, and I appreciate your candor, that it's referring to a case where there was a hearing, and they're citing the case because they want a hearing. Isn't — isn't that what the defense is saying? But they didn't make that connection. They didn't say we want a hearing. They didn't argue that SHARP stands for that a hearing is necessarily required. I agree this brief could have been clearer. You could have put it in the relief section, a conclusion section. Totally agreed. But the language is in there. The language — the reference to a hearing is in there, yes. We believe that should be read with attention to the points that the SHARP court was emphasizing, like the Surlitz court before it. And the point they were emphasizing was not the procedures to develop the record. They were citing — they were emphasizing when it occurs, like seal first and then later probe the government's reasonings. That's the import of SHARP. And our position is that if SHARP had intended to impose a blanket requirement that a hearing is always required whenever this issue is raised, it would have used stronger language. It would have chose a different emphasis. And — So your position is a hearing is not required? It's a sort of — it was provided in SHARP, so that's great. But you know, depending on the facts and circumstances of a case, a hearing may not be necessary. Exactly. That's our — nothing about SHARP changes the general rule that evidentiary hearings are only necessary when there's a dispute of fact. When you say general rule, are you referring to this posture about sealing and justifying sealing? No, not sealing. I didn't think so. You're just a very broad principle that sometimes we do hearings and sometimes we don't. Correct. Yeah. Okay. But SHARP says, our court, and we're bound by this precedent, obviously, the government only does this at a hearing. So in this setting, aren't we saying, consistent with, I believe, other circuits, you have to do this at a hearing? We read that as modifying only doing so after the sealing is un — the indictment is unsealed. And to that point — Sure. But that wasn't done here. It was done here, just there wasn't a hearing. When Your Honor points out — So it was done after the indictment was unsealed, but it wasn't done at a hearing. Correct. That's correct. It's an important part of the sentence. But I'd also like to point — yes, other cases have involved hearings, but none of these cases — Edwards, Lakin, Bracey, et cetera — none of them have held either that a hearing is necessarily required. There were hearings in some of those cases, but that issue was not addressed either in Surlitz, for example. Do you have any case law holding that a hearing is not required? Or is your point that this is an open issue? It's an open issue, I think. However, I would point out that in the Bracey case, the Ninth Circuit case, from reading the facts and discussion, there was no hearing in that case. And the district court and the Ninth Circuit on appeal accepted the government's reasons. To be candid, neither in that case was the issue addressed head on. There was no holding of, yes, a hearing is required, no, it's not required. But it does — You're saying as a factual, procedural matter, there was no hearing in that case. Correct. But the court — nobody argued, and therefore the court didn't address whether that itself was a problem. And as to — you know, as to this case, the district court cannot have erred whether this court accepts it's a plain error or not. Because there are no factual issues in dispute that need to be resolved. I mean, the district court — counsel today tried to demonstrate some. But in the proceeding below, the district court accepted as true the allegations that counsel was making. For example, the court accepts as true the allegation that, yes, the bankruptcy client file was destroyed during the sealing period, but the court nevertheless concluded that the defendant could not show, could not meet his burden of showing substantial prejudice from that loss. Doesn't the government have the burden to show reason why anything should be filed under seal? I mean, the court isn't bound to just, well, the government's here with a motion to seal, so my goodness, let's go ahead and seal it. The government has to show that. What was told to the district court at the time the motion to seal was filed? What was represented to the district court as the reason for sealing? At the time the motion to seal was filed, nothing. Because SHARP doesn't require that. In the litigation in this case in the district court, the government proffered that it did so to — because it had discovered during the investigation of the defendant potential co-conspirators required — I don't want to tell us, Manek, oh, we need to investigate further. So let's look at some dates here, and I'm going to ask you for some specifics. On August 29th of 2013, the bankruptcy court denied Mr. Boswell a discharge. Okay, so the bankruptcy's over. Whatever mischief or illegal activity he and others committed as a matter of bankruptcy fraud would have occurred during the course or prior to the bankruptcy, correct? Correct. All right, so August 29th, 2013. On July 13th, 2018 — and I did the math, it's four years and ten and a half months, or to be more particular, 1,780 days later, the government obtained a single-count indictment for concealment of assets, bankruptcy fraud, under a violation of 18 United States Code Section 152, Subsection 1. On February 28th, 2019, that's some — oh, at least six months later, the government obtained a two-count superseding indictment, which is what we are here for today. Tell me what did — and I understand that the three suspected co-conspirators all testified before a grand jury. What was done in the four years and ten and a half months that required the matter to be under seal for so — or the extension of time to be so long? Well, as everyone agrees, the government was investigating the original charge by grand jurying those individuals. We all agree that these people were interviewed in the grand jury, and also the evidence that there was some complicity, potential involvement, in — on the part of those individuals. And that is — What was done, other than hauling these three people in front of the grand jury? What all was done that required this much time? Well, it should be borne in mind that the examination of the grand jury witnesses was not too long before the original indictment. And so I think the relevant question then is, well, then what is done after that grand jury examination, after the government finds out about this potential conspiratorial activity? And because the government's reasons weren't challenged, there wasn't any factual dispute, there's not a record of exactly what was the government deliberating, but we can fairly infer that from that grand jury examinations until the indictment, not far afterward, the government was investigating its case, deciding whether to proceed with the charge against — So we just believe that the government is just in good faith all the time, and that all is well, take as long as you like, and if the statute of limitations is about to I mean, you've not told me anything new about what the cause of the delay is. His argument is that he was prejudiced. Now, whether he was or he wasn't, that's another question. The problem is, what is the government doing that requires this much time to bring a claim that is borderline stale and then unseal it after it, under law, would have become stale? I mean, the government is determining whether it has a case against these other individuals. It's a mighty long time to determine that. It's a bankruptcy fraud case, and you said — the government says in its brief that everything the defendant needed to know was in that bankruptcy court record. In fact, that's the argument as to why he doesn't need his attorney's file, is because the charges were based upon what was in the bankruptcy court record. Isn't that your argument, that he's not prejudiced? Because whatever — Isn't that your argument, that he's not prejudiced? The argument is that there's been no plausible showing that there was any relevant exculpatory evidence in this lost bankruptcy file. That would not have been available from other sources. That's what the district court found. And that's correct, because the defendant — he asserts that this bankruptcy file would have contained evidence of complete disclosure of relevant facts, but he doesn't describe what those are. He doesn't give any allegations as to what those disclosures were. Also, I would like to emphasize that the — The government doesn't meet its burden to show why the matter was sealed and why it was unsealed so late. Doesn't the government have the initial burden? Does he have to show prejudice? Or can we find that the statute of limitation expires, the defendant doesn't have to come in normally and show prejudice, it's based upon the calendar. We know the date, and the date passes, and that's it. Well, that's an open question as to whether or not the defendant has to show both or one. SHARP, it places the burden on the defendant to show prejudice. That much is clear. But I'll acknowledge it uses language that seems to presume that that burden arises when the indictment is properly sealed. And so that raises the question that you're posing, you know, hypothetically, if there is not established a proper purpose, what's the result? Our submission would be that it doesn't necessarily result in a dismissal for limitations ground, but rather it would be appropriate then to place the burden not on the defendant but on the government to show that there was no prejudice. And as authority for that, you know, my colleague earlier referred to the Thompson case on the Tenth Circuit. That's what happened in Thompson in the Tenth Circuit case. There, in fact, the government conceded there was no proper purpose, but nevertheless, the court allowed the government to attempt to demonstrate that the defendant wasn't prejudiced. So either way, our position is that there's a two-pronged inquiry, right? Legitimate purpose, is there prejudice to the defendant? It just may be a question of burden. Can I go to your justification? As I understand it, the proffer below was leaving the indictment unsealed would potentially alert the co-conspirators. What's your response to the argument that the co-conspirators were in the group, they were being, they were testifying before the grand jury anyway, so they already knew? The response is that even if conspirators know of an investigation, I mean, that does not make illegitimate the government's interest in keeping its charges secret. I mean, we cited for that proposition, Second Circuit case, Southland Corp, I mean, in order to maintain the integrity of investigation, seek candid responses, deliberate, the government has a legitimate interest in not revealing the charges until its investigation is complete. And we believe that, I'm sorry, go ahead, I won't. We believe that's consistent with the standards set forth in Sharpe. I mean, the Sharpe court sets forth any legitimate prosecutorial purpose. And here, the government, it cannot be fairly disputed that the government, in fact, was pursuing, investigating potential co-conspirators. I mean, my colleague, I'm sorry. Yeah, so look, I certainly appreciate that the fact that an investigation is happening can be sensitive. But clearly, these people knew that they were, that an investigation was happening because they were being interviewed as part of it. They knew something that was happening, correct. I will further acknowledge that even if you know that an investigation is happening, knowing the details of the investigative strategy is something that the government want to keep confidential. But we're not talking about disclosure of investigative strategy, we're talking about disclosure of the indictment. What is it about the indictment that you had to keep from them as opposed to, you know, other steps that may or may not be coming? Well, this sort of relates to another argument. We disagree that the indictment didn't disclose any of the means that a bill of particulars was required. The indictment set forth, the original indictment, set forth that bankruptcy fraud was committed through the use of nominee entities to conceal the defendant's control over monies borrowed. You're saying the details, it's not just the fact of the indictment, it's what the indictment spelled out. It's like, what's the government's theory, right? I mean, if the government is pursuing that and potentially investigating those who are complicit in that and aided that, I mean, it has legitimate interest in not making that public. So it seems to me that that's exactly the type of stuff that should be done at a hearing, right? You can have this exchange at a hearing as opposed to this sort of terse explanation. We could, and— If you have a hearing, you might very well win on remand. And just to be clear, like, you know, I'm not suggesting that the district court couldn't have held a hearing properly. It was never asked. And moreover, the district court accepted as true everything that the defendant is setting forth about the loss of the bankruptcy file. The government also is accepting the truth. For example, we're not disputing that these persons knew of the investigation. I mean, because — and so there's — like, there's no factual dispute that needs a resolution. And especially under our argument, which I realize there's a debate, that it's reviewed for plain error, and so it can't be said that the district court plainly erred by not responding, just holding a hearing when no one asked for one. I mean, nothing about SHARP compels that result, so. On the prejudice point, I just wanted to emphasize earlier, we were talking about what was in the bankruptcy client file, it was disclosed. The bankruptcy fraud charge was not limited to falsities and omissions on the bankruptcy petition. There was also powerful evidence that during the trustee attorney's examination of the defendant, he lied about his control over Patriot Green. And then later, after the trustee attorney had found that out, the defendant set up a new corporation, Ambient Solutions, for the purpose of further concealing his interest. And that goes to prejudice, because it further illustrates that there simply was no complete good-faith reliance defense available within this client file. Because by the time that the defendant is making those representations to the trustee attorney, by the time he is setting up a new corporation to try and stay one step ahead of the trustee attorney, like, the bankruptcy client file is irrelevant.  And so, as a further support for the lack of prejudice here, there simply was no good-faith reliance defense that could be marshaled from whatever was in this lost bankruptcy client file. If the Court has no further questions, thank you for your time. Thank you, Mr. Knapp. Mr. Talbot, you have reserved three minutes. Thank you, Your Honors. And I want to briefly respond to something counsel just said about the good-faith reliance on advice of counsel defense. You know, so the government is now saying that the fraud may not have just been in the pleadings of the bankruptcy, but also during the 2004 examination. Well, guess who's sitting by Mr. Boswell, advising him during the examination? His bankruptcy attorney, Christian Chesson, is there and giving him that advice. That's what the attorney client file shows, right? It shows the discussions and the memorializations of the advice given and the questions asked by Mr. Boswell and why he gives certain answers. That's why that file is so—it is the most important piece of evidence that could exist in a bankruptcy fraud defense, is the attorney client file with the bankruptcy attorney. And so, I think there's no question that that file is absolutely relevant to the defense and would have created an advice of counsel defense. And the only other thing I want to respond to, Your Honors, is the question about whether Sharpe requires a hearing. So when Sharpe says the language that, you know, that the hearing must happen where the government must show that it had a legitimate purpose only after the indictment is unsealed, Sharpe cites to the Sroulewicz opinion. Right there. That's the cite, right? It cites right to the Sroulewicz opinion from the Second Circuit. And I want to read what it's citing to. This is what Sroulewicz says. A defendant's right to challenge the propriety of the sealing is fully protected by affording him the right to a hearing after the indictment is open to public inspection. At that time, the government, if challenged, must demonstrate legitimate prosecutorial purposes for the secrecy of the indictment, and the defendant is entitled to show substantial irreparable actual prejudice arising from the decision to seal. So the language that Sharpe is citing to is creating the right to the hearing. It's saying that a hearing must occur if the defendant makes the challenge, and most importantly, there was no hearing in Sroulewicz. The case is remanded for the hearing, right? Further proof that Sroulewicz is creating that hearing requirement, and that's what this Court is citing to in Sharpe. And so— I appreciate that reference. The Court also cites Schell and Lakin. Do you want to talk about those cases? They've taught all three. That's all. Right. I think the first case was overruled and is no longer good law, but the Lakin case, on the other hand, no longer challenged the prosecutorial reason, right? So the reason why I think that Lakin doesn't really help us answer that question is that the Lakin decision doesn't talk about the prosecutorial reason to seal. However, there was a hearing in Lakin, right? A hearing where, and I'm going to quote the Lakin case, where the government made its required showing that there was a legitimate prosecutorial purpose. So the citation to Lakin still supports the right to a hearing. And so I think that— So you're saying that the first two cases sort of are dictum for the proposition that a hearing is required, but it was dispositive in Sroulewicz? It was. Yeah. And it was remanded because the judge didn't have a hearing. So the hearing was the question in Sroulewicz, and that's what this Court cited in Sharpe, and so I believe that he was entitled to a hearing in this case. Thank you, Your Honors. Thank you. The case is submitted.